IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marcus Vanrico Mattison, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 2:06-552-HMH-RSC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Sheriff Dan Wideman, Major Phillip | ) | |
| Anderson, Captain Sharon Middleton, | ) | |
| Lt. Linda Butler, Sgt. Luke Lark, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Marcus Vanrico Mattison ("Mattison"), a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983. In his Report entered September 8, 2006, Magistrate Judge Carr recommends dismissing Mattison's complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the reasons below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Mattison's complaint with prejudice.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mattison filed the instant action on February 22, 2006.[2] On July 17, 2006, Sheriff Dan Wideman, Major Phillip Anderson, Captain Sharon Middleton, Lt. Linda Butler, and Sgt. Luke Lark (collectively "Defendants") moved for summary judgment. On July 18, 2006, Mattison was notified of the summary judgment motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Mattison did not respond to the summary judgment motion. On August 24, 2006, the court, in a written order, ordered Mattison to respond to the summary judgment motion within ten (10) days and notified Mattison that his action could be dismissed with prejudice for failure to prosecute if he failed to respond. This order was mailed to Mattison on the same day. Despite this warning, Mattison did not respond.

## II. DISCUSSION OF THE LAW

Mattison filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that the majority of Mattison's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

2

Recommendation, and merely restate his claims. However, the court was able to discern one specific objection. Mattison asserts that it is "unfair and unconstitutional for the courts to send me into a court of law or dismiss my case on summery [sic] judgement [sic] by me being a layman to the law and expect me to represent myself." (Objections 1.)

Rule 41(b) of the Federal Rules of Civil Procedure provides that a claim may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court," and that such a dismissal "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b); see Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989). In determining whether to dismiss a case pursuant to Rule 41(b), the court may consider: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal." Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989) (internal quotation marks omitted). However, "the four factors . . . are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." Ballard, 882 F.2d at 95.

Mattison was explicitly warned in an order issued by the Magistrate Judge that a failure to respond to Defendants' motion for summary judgment could result in a dismissal of his action with prejudice. Despite this warning, Mattison failed to respond or to request additional time. See id. at 95-96 (holding dismissal proper when the pro se plaintiff was warned that failure to respond to a court order would result in dismissal). Additionally, Mattison has offered no excuse for his failure to respond to the Defendants' motion for

3

summary judgment and instead only generally asserts that he should not be required to litigate his case without an attorney. While "[p]ro se litigants are entitled to some deference from courts . . . they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard, 882 F.2d at 96. Further, because of Mattison's pro se status, he is "personally responsible for the actions leading to dismissal." Sadler v. Dimensions Health Corp., 178 F.R.D. 56, 60 (D. Md. 1998) (internal quotation marks omitted.) Based on the foregoing, the court finds that dismissal of Mattison's claim is warranted. Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Mattison's complaint is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 3, 2006

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.